UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YILENA CHIRINO TERRERO, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-3538-X |
| | § | |
| DIRECTOR MICHELLE | § | |
| MONTGOMERY, et al., | § | |
| | § | |
| *Defendants.* | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Plaintiff Yilena Chirino Terrero's Amended Complaint for Writ of Mandamus and Declaratory Relief. (Doc. 4). The Court previously dismissed Ms. Terrero's initial petition for lack of subject-matter jurisdiction and granted her twenty-eight (28) days to refile addressing the Court's concerns. (Doc. 3). For the same reasons set forth in the Court's January 8, 2026 Order, Ms. Terrero has again failed to establish subject-matter jurisdiction. The Court therefore **DISMISSES WITHOUT PREJUDICE** this action.

Ms. Terrero seeks a writ of mandamus to compel Defendants Michelle Montgomery, Dallas Field Office Director of U.S. Citizenship and Immigration Services; Kristi Noem, Secretary of the U.S. Department of Homeland Security; and Joseph Edlow, Director of U.S. Citizenship and Immigration Services (collectively, "Defendants"), to adjudicate her pending I-485 application to Register Permanent Residence or Adjust Status. Ms. Terrero contends that the Defendants have failed to

adjudicate her I-485 applications within a reasonable time and requests this Court's intervention under the Administrative Procedure Act (APA) and the Mandamus Act.[1]

Jurisdiction over these claims hinges entirely on agency discretion, or lack thereof. The APA does not provide judicial review to the extent that "agency action is committed to agency discretion by law."[2] The Immigration and Naturalization Act (INA) confers such discretion on executive branch agencies.[3] And then the INA strips courts of jurisdiction over individual immigration decisions or actions the executive branch is to make:

> [n]otwithstanding any other provision of law (statutory or nonstatutory) . . . and [28 U.S.C.] sections 1361 and 1651 . . . no court shall have jurisdiction to review—
>
> > (i) any judgment regarding the granting of relief under section . . . 1255 [adjustment of status] . . . or
> >
> > (ii) *any other decision or action* of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security.[4]

---

[1] 5 U.S.C. § 706(1).

[2] 5 U.S.C. § 701(a)(2); *see also Bian v. Clinton*, 605 F.3d 249, 255 (5th Cir. 2010) ("The APA provides for judicial review of government action 'only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*.'" (quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64–65 (2004)), *vacated on mootness grounds*, Nos. 09-10568 & 09-10742, 2010 WL 3633770 (Sept. 16, 2010)).

[3] *See, e.g.*, 8 U.S.C. § 1255(a) ("The status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.").

[4] *Bian*, 605 F.3d at 253 (alterations in original) (quoting 8 U.S.C. § 1252(a)(2)(B)).

The Fifth Circuit has confirmed that courts are without jurisdiction to entertain such APA claims, and that Section 1252 applies to the government's "grant or denial of an application for adjustment of status."[5]

Here, even upon repleading, Ms. Terrero failed to identify any statutory authority demonstrating that the government lacks discretion regarding the actions she challenges.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** this action for lack of subject-matter jurisdiction.

**IT IS SO ORDERED** this 9th day of February, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[5] *Id.*